

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00405-CV

———————————————

IN THE INTEREST OF R.W., A CHILD

---

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CV17-0924

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Pro se Appellant L.A.W. and Appellee L.M.W. were named R.W.'s joint managing conservators in their 2018 divorce decree. Two years later, L.A.W. filed a petition to modify the parent–child relationship, and L.M.W. filed a counterpetition. The trial court has entered temporary orders in the modification suit but has not yet held a final trial. L.A.W. admits in her reply brief that "[a] final hearing has not been held in the suit to modify the parent–child relationship." She states that she is seeking an interlocutory appeal of the trial court's temporary orders.[1]

Such temporary orders are not subject to interlocutory appeal. *See* Tex. Fam. Code Ann. § 105.001(e); *In re J.W.L.*, 291 S.W.3d 79, 83 (Tex. App.—Fort Worth 2009, orig. proceeding [mand. denied]) ("Generally, Texas appellate courts only have appellate jurisdiction over appeals from final judgments unless a statute specifically allows a particular type of interlocutory appeal."); *see also In re Derzapf*, 219 S.W.3d 327, 335 (Tex. 2007) (orig. proceeding); *In re Berryman*, 629 S.W.3d 453, 457 (Tex. App.—Tyler 2020, orig. proceeding). Accordingly, we dismiss the appeal for want of jurisdiction.

---

[1]Although we usually give an appellant ten days to explain how we have jurisdiction over an appeal when it appears that she is attempting to bring an impermissible interlocutory appeal, we do not think further explanation is necessary here because L.A.W. has specifically stated that she is attempting to bring an interlocutory appeal of the trial court's temporary orders.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: November 4, 2021